1  WILSON TURNER KOSMO LLP
   LOIS M. KOSCH (131859)
2  PATRICIA L. CLARK (346315)
   402 West Broadway, Suite 1600
3  San Diego, California  92101
   Telephone: (619) 236-9600
4  Facsimile: (619) 236-9669
   E-mail:  lkosch@wilsonturnerkosmo.com
5  E-mail:  pclark@wilsonturnerkosmo.com

6  Attorneys for Defendant
   SEDGWICK CLAIMS MANAGEMENT
7  SERVICES, INC.

8

9              UNITED STATES DISTRICT COURT

10    CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

11

12  MARIA BOLANOS, an individual,        Case No. 5:23-cv-1666

13            Plaintiff,                 **DEFENDANT SEDGWICK
                                         CLAIMS MANAGEMENT
14       v.                              SERVICES, INC.'S
                                         NOTICE OF REMOVAL**
15  SEDGWICK CLAIMS MANAGEMENT
    SERVICES, INC., a California         **[28 U.S.C. §§ 1332(A), 1441, and 1446]**
16  Corporation; and DOES 1 through 50,
    Inclusive,                           *(Removed from San Bernardino
17                                       Superior Court Case No.:
            Defendants.                  CIVSB2316191)*
18
                                         Trial Date:Not Set
19                                       Complaint Filed:  July 17, 2023

20

21       **TO THE HONORABLE CLERK OF THE ABOVE-ENTITLED COURT:**

22       **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332 (diversity

23  jurisdiction) and 1441(a), Defendant SEDGWICK CLAIMS MANAGEMENT

24  SERVICES, INC. ("Sedgwick") hereby removes the above-entitled action from the

25  Superior Court of the State of California, County of San Bernardino, to the United

26  States District Court for the Central District of California, and sets forth in support of

27  its Notice of Removal of Action the following:

28  ///

                            -1-                Case No. 5:23-cv-1666

## I. **Background**

1.      On July 17, 2023, an action was commenced in the Superior Court of the State of California, County of San Bernardino, entitled *Maria Bolanos v. Sedgwick Claims Management Services, Inc.*, Case No. CIVSB2316191 (the "Action").  A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**. (Declaration of Lois M. Kosch ("Kosch Decl."), ¶ 4.)

2.      The Complaint alleges the following causes of action against Sedgwick: (1) retaliation in violation of Gov. Code §12940(h); (2) wrongful termination in violation of public policy; (3) associational disability discrimination; (4) violation of Cal. Labor Code § 246.5; and (5) violations of the Family Medical Leave Act ("FMLA") and the California Family Rights Act ("CFRA").

3.      On July 18, 2023, Sedgwick was served with the Summons and Complaint.  A true and correct copy of the Proof of Service of Summons is attached hereto as **Exhibit B**.  (Kosch Decl., ¶ 5.)

4.      This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and may be removed to this Court by Sedgwick pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5.      Sedgwick's understanding is that no other parties have been named or served and no other party has appeared in the Action.  (Kosch Decl., **Exhibit A**, ¶ 8.) *See also* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in and consent to the removal of the action").

## II. **Complete Diversity Exists**

6.      As set forth below, complete diversity exists between Plaintiff, on the one hand, and Sedgwick, on the other hand.

7.      For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which she is domiciled.  *Kanter v. Warner-Lambert*

*Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A plaintiff's place of residency is evidence of her domicile absent affirmative allegations to the contrary.  *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Barrera v. W. United Ins. Co.*, 567 F. App'x 491, 492 n.1 (9th Cir. 2014) ("The place where a person lives is taken to be her domicile until facts adduced establish the contrary."), quoting *Anderson v. Watt*, 138 U.S. 694, 706 (1891).

8.    At the time of the filing of the Complaint and this Notice of Removal, Plaintiff was and still is a citizen of California.  Plaintiff concedes she resides in San Bernardino County, California.  (Kosch Decl., **Exhibit A**, ¶ 1.)  Plaintiff's residence is *prima facia* evidence that she is domiciled in California for purposes of diversity.  *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, at *9-10 (E.D. Cal. Mar. 18, 2008); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  Plaintiff further alleges when she experienced all events that form the basis of this lawsuit, she was in California.  (Kosch Decl., **Exhibit A**, ¶ 4.)

9.    Sedgwick was, at the time this action was filed in state court, and still is, a corporation duly organized and existing under the laws of the State of Illinois.  (Declaration of Doug Foster ("Foster Decl."), ¶ 3; Kosch Decl., **Exhibit D**.)  Sedgwick's corporate headquarters are located in Memphis, Tennessee.  (*Id.*)  Sedgwick's corporate headquarters are where the majority of executive and administrative functions are performed and where the majority of its corporate officers and executives are located.  (Foster Decl., ¶3.)  Therefore, under the "nerve center" test, Sedgwick's principal place of business is in Tennessee.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 93 (2010) (noting the nerve center will "normally be the place where the corporation maintains its headquarters"); *see, e.g., Lopez v. Target Corp.*, No. EDCV 11-1282 CAS OPX, 2011 WL 4852504, at *2 (C.D. Cal. Oct. 12, 2011) (holding "under *Hertz*, defendant Sedgwick's principal place of business is

Tennessee," and noting several other courts have reached the same conclusion). Accordingly, Sedgwick is a citizen of Tennessee for the purpose of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

10.    The Complaint also names Does 1 through 50.  (Kosch Decl., **Exhibit A**, ¶ 5.)  However, by statute, the citizenship of these fictitious defendants "shall be disregarded" for purposes of diversity jurisdiction.  28 U.S.C. § 1441(b); *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989) ("Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction").

11.    Given that Plaintiff is a citizen of California, Sedgwick is not a citizen of California, and no other defendant exists for purposes of determining federal jurisdiction, the citizenship of the Parties is diverse pursuant to Section 1332(a)(1).

## III.    <u>The Amount in Controversy Requirement Is Satisfied</u>

12.    Without admitting Plaintiff could recover damages, including civil or statutory penalties, Sedgwick asserts that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

13.    In cases in which the existence of diversity jurisdiction depends on the amount in controversy, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Dart Cherokee Basin Operating Co., LLC v. Owens* 574 U.S. 81, 89 (2014).  Furthermore, District Courts must presume plaintiffs will prevail on each and every one of their claims for relief.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (noting the amount in controversy analysis presumes that "plaintiff prevails on liability").

14.    "[C]alculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract." *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984, 986 (S.D. Cal. 2005) ("It's not a question of what

you would owe. It's a question as to what is in controversy."); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  Plaintiff's causes of action, prayers for relief, and findings in other cases making similar demands illustrate the reasonableness of Sedgwick's good faith belief and calculation that the amount in controversy in this Action more likely than not exceeds $75,000.

15.    Where, as here, a plaintiff does not plead the amount of damages that she seeks, the court must look beyond the complaint to determine whether the lawsuit meets the jurisdictional requirement.  *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998, n.4 (9th Cir. 2007); *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006).

16.    Plaintiff's Complaint asserts the amount in controversy exceeds $25,000, the Superior Court's jurisdictional minimum.  (*See* Kosch Decl., **Exhibit A**.) Plaintiff's Complaint does not specify the amount Plaintiff seeks to recover from Sedgwick in this Action but seeks a variety of damages, including but not limited to, compensatory damages (special and general), punitive damages, and attorneys' fees. (Kosch Decl., **Exhibit A**, ¶¶ 15-16, 18, 23-24, 29-30, 34-36, 47-48 and Prayer for Relief ¶¶ 1-6.).  The fact that Plaintiff's Complaint does not immediately place a firm dollar value on damages sought does not preclude removal.  Considering "litigation realities," courts routinely find employment cases alleging discrimination and seeking similar damages satisfy the amount in controversy requirement without any further showing by the defendant.  *See, e.g., Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *1 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW (JC), 2016 WL 589853, at *1–2 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings, emotional distress and punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209

*F.Supp.2d 1029, 1032, 1035* (N.D. Cal. 2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees).  Thus, removal is proper based on this Court's diversity jurisdiction.

17.    **Compensatory Damages.**  With respect to special damages, Plaintiff vaguely alleges that she "has suffered and continues to suffer . . . losses in earnings, other employment benefits and job opportunities."  (Kosch Decl., **Exhibit A**, ¶¶ 15, 29, 35, 47 and Prayer for Relief, ¶ 1.)  Plaintiff's Complaint alleges claims under the FEHA for associational disability discrimination and retaliation.  Under the FEHA, a prevailing plaintiff is entitled to lost compensation, including fringe benefits, in the amount that he or she would have received but for the adverse employment action, less sums obtained through mitigation.  *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970).

18.    Plaintiff was formerly employed by Sedgwick as a Manager Workforce Management from approximately November 15, 2018 to on or about March 16, 2023. (Kosch Decl., **Exhibit A**, ¶ 7; Foster Decl., at ¶ 4.)  At the time of her termination, Plaintiff earned $99,322.50 per year. (Foster Decl., at ¶ 5.)  By pro-rating her annual salary from the date of the termination of her employment to the date of this removal (approximately 22 weeks), Plaintiff seeks more than $42,021.00 in lost salary alone. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (stating district courts rely on the general rule that lost wages in a wrongful termination case may reasonably be calculated from the date of termination to the date of removal).

19.    In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement.  *See, e.g., Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev.

DEFENDANT'S NOTICE OF REMOVAL

Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

20.    An award of three years of front pay would entitle Plaintiff to more than $297,967.50 in additional recovery.[1]  *See Traxler v. Multnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same).  Thus, Plaintiff's alleged lost wages total $339,988.50, definitively establishing the amount in controversy requirement.

21.    With respect to general damages, Plaintiff vaguely alleges that she "has suffered and continues to suffer substantial humiliation, serious mental anguish and emotional and physical distress."  (Kosch Dec., **Exhibit A**, ¶¶ 16, 23, 29, 34, 47 and Prayer for Relief, ¶ 1.)  Although Plaintiff's emotional distress allegations are vague, a court may consider that emotional distress damages "are potentially substantial" despite "[t]he vagueness of plaintiffs' pleadings."  *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995); *see also, Simmons*, 209 F.Supp.2d at 1034 ("[E]motional distress damages in a successful employment discrimination case may be substantial.").  Even where economic damages are minimal, a plaintiff's claim for ongoing emotional distress damages can exceed the jurisdictional threshold alone. *See, e.g., Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821-22 (1999)

---

[1] $99,322.50 x 3 years.

(affirming emotional distress damages award of over $450,000 on FEHA claim where plaintiff's economic damages were between less than $10,000 and at most $37,500).

22.     **Punitive Damages.**  Plaintiff also seeks punitive damages, which are potentially recoverable under the FEHA.  Cal. Govt. Code § 12940.  (Kosch Dec., **Exhibit A**, ¶¶ 18, 24, 30, 36, 48 and Prayer for Relief ¶ 2.)  "In California, the wealth of the defendant is an important factor in determining the award of punitive damages." *Richmond*, *supra*, 897 F. Supp. at 451.  Sedgwick has significant resources making it "likely that any award of punitive damages will be a substantial figure."  *Ibid*.; *see e.g., King v. U.S. Bank Nat'l Ass'n,* 52 Cal. App. 5th 728 (2020) (awarding over $2 million in punitive damages in wrongful termination case against large bank).

23.     **Attorneys' Fees.**  Finally, Plaintiff seeks attorneys' fees, which are recoverable by a prevailing plaintiff under the FEHA.  (Kosch Dec., **Exhibit A**, Prayer for Relief ¶ 3.)  "[A]ttorneys' fees in individual discrimination cases often exceed the damages." *Simmons*, 209 F.Supp.2d at 1035.  Even a mere 300 hours through trial at a modest rate of $250 per hour would cause fees alone to hit the amount in controversy requirement.

24.     Taken together, the amount in controversy "more likely than not" well exceeds $75,000.

## IV.     The Other Removal Requirements Are Met

25.     This Notice of Removal is being filed within thirty (30) days after service of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based.  Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b).

26.     This Notice of Removal is being filed within one (1) year of the commencement of this action (filed July 17, 2023) and therefore is timely filed under 28 U.S.C. § 1446(c).

27.     Removal to this Court is proper as the Superior Court of the State of California, County of San Bernardino, where this action was originally filed, is located within this district.

DEFENDANT'S NOTICE OF REMOVAL

28. A true and correct copy of all process, pleadings and orders served in this action at the time of this removal and known to Sedgwick are attached as **Exhibits A through C**. Pursuant to 28 U.S.C. § 1446(a), and to the best of Sedgwick's knowledge, **Exhibits A through C** constitute all the process, pleadings, and orders served in this action at the time of this removal.

29. Counsel for Sedgwick certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Bernardino, and give notice of same to counsel for Plaintiff.

30. Should the propriety of removal be questioned, Sedgwick requests leave to conduct jurisdictional discovery and provide further evidence and argument in support of removal. *See Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

**V.**   **CONCLUSION**

For the reasons set forth above, this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and removal of this action is proper under 28 U.S.C. §§ 1441 and 1446.

Dated:   August 17. 2023          **WILSON TURNER KOSMO LLP**


By:   /s/ *Lois M. Kosch*
LOIS M. KOSCH
PATRICIA L. CLARK
Attorneys for Defendant
SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.